SPRINGS et al. v. JAMES.

(Circuit Court, N. D. Georgia, W. D. August 21, 1909.)

No. 83.

JUDGMENT (§ 928*) — ACTION IN FEDERAL COURT ON JUDGMENT OF COURT OF ANOTHER STATE—PROCEDURE.

An action in a federal court in one state on a judgment rendered in the courts of another state is governed by the practice and procedure in the courts of the state where the action is brought, and under Civ. Code Ga. 1895, § 5126. which provides that "no trial in any civil cause shall be had at the first term except specially provided for by law," the plaintiff in such an action is not entitled to a judgment at the first term, even though no sufficient answer is filed.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 928.*]

On Motion to Strike the Answer.

Brown & Randolph and John R. Abney, for plaintiffs.
Hawes & Pottle, for defendant.

NEWMAN, District Judge. This case is now before the court on a motion by the plaintiffs to strike the answer filed by the defendant, and have a judgment at the present term in the suit, which is on a judgment rendered in favor of the plaintiff against the defendant in the state of New York. The answer sets up that the judgment referred to in the declaration "is based on a claim arising out of a series of wagers, known to be such by the plaintiffs, and which they actively participated in the making thereof, and to which, by certain devices, well known to them and unknown to defendant, they became parties opposed to the defendant. And it is for the winnings on wagers that plaintiff's claim is made." And further that:

"The recovery of all such is contrary to the policy of the state of Georgia and to its laws, and hence, even if the plaintiff's claim was otherwise perfect, the same cannot be enforced in the courts of this state or of the United States situated in this state."

It is further claimed that there has been an appeal from the judgment in New York to the Appellate Division of the Supreme Court of New York, and that the appeal is there pending and undisposed of. I shall not pass at present on the question raised as to the sufficiency of the plea, but will do that at a later date, when I have had time to take the matter under more careful advisement. For the present, it is only necessary to determine the question of the right of the plaintiffs to have judgment, if they be entitled to the same at all, at this term of the court.

The argument of plaintiffs' counsel in favor of their right for judgment at the first term of the court is based on the "full faith and credit" clause of the Constitution of the United States. The history of this clause and of the statute passed in pursuance thereof, as appears to be correctly set out in the brief of plaintiffs' counsel, is as follows:

"When the Articles of Confederation were entered into by the thirteen colonies, which had declared themselves independent states, they placed in article 4 thereof the following language: 'Full faith and credit shall be given in each of these states to the records, acts, and judicial proceedings of the courts and magistrates of every other state.'

"This provision, like some of the other provisions of the Articles of Confederation, was not carried out by the states; and Washington and others of great influence in the country met to form a more perfect union and to provide ways of enforcing the Constitution and the acts of Congress. In this regard the Constitution was made to read as follows:

"'Article IV.

"'Section 1. Full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state. And the Congress may, by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof.'

"2 Annals of Congress, 1548, shows that a bill to carry out that article of the Constitution was brought in the House of Representatives on April 28, 1790; and

"1 Annals of Congress, 969–990, shows that the Senate received from the House of Representatives a message that they had passed a bill 'to prescribe the mode in which the public acts, records, and judicial proceedings, in each state, shall be authenticated, so as to take effect in every other state.' And it was passed by the Senate.

"1 United States Statutes, page 122, contains the law thus passed to carry out that article of the Constitution; and it is entitled: 'An act to prescribe

the mode in which the public acts, records and judicial proceedings, in each state, shall be authenticated so as to take effect in every other state.'

"It reads as follows:

"'Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that the acts of the Legislatures of the several states shall be authenticated by having the seal of their respective states affixed thereto: That the records and judicial proceedings of the courts of any states, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice, or presiding magistrate, as the case may be, that the said attestation is in due form.

"'And the said records and judicial proceedings authenticated as aforesaid shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the state from whence the said records are or shall be taken.'

"2 United States Statutes, p. 299, section 2, contains a provision that the above act shall apply as well to the public acts, records and judicial proceedings in the territories of the United States and countries subject to the jurisdiction of the United States. Both of these acts have been combined in the Revised Statutes of the United States, which reads as follows:

"'Section 905. The acts of the Legislature of any state or territory, or of any country subject to the jurisdiction of the United States, shall be authenticated by having the seals of such state, territory, or country, affixed thereto.

"'The records and judicial proceedings of the courts of any state or territory, or of any such country, shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with a certificate of the judge, chief justice or presiding magistrate, that the said attestation is in due form.

"'And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken.'

"Thus it will be seen that the language in section 905 does not change the law as it stood originally in regard to judicial proceedings in a state; and those proceedings when authenticated as therein prescribed and presented to a court in any other state, were to 'take effect.'"

The argument .then based on this provision, as I understand it, is that the filing of the record of a judgment of one state properly certified in a court of competent jurisdiction in another state entitles the plaintiff in the judgment to a judgment in the latter state at once as a matter of right. The suit is brought to the May term, 1909, of the Circuit Court of the Western Division of this District. The next term (December, 1909) will be the regular trial term under the Georgia statutes. These statutes, so far as deemed material here, are as follows:

"Section 5076. The court shall render judgment without the verdict of a jury in all civil cases founded on unconditional contracts in writing, where an issuable defence is not filed under oath, or affirmation." Civ. Code Ga. 1895.

Section 5077 is as follows:

"When any defendant shall fail to appear and answer at the return term of the petition and process, the court shall enter default on the docket, which shall be considered a judgment by default, without a formal entry thereof, and the plaintiff's claim, allegation, or demand, shall be tried in all cases of default by a jury, except as provided elsewhere in this Code. No such trial shall in any case be had at the first term, except specially provided for by law."

Section 5126:

"No trial in any civil cause shall be had at the first term except specially provided for by law." ·

There is no special provision of law in the state of Georgia with reference to the trial of suits brought on foreign judgments; consequently such trials must be controlled by the general provisions of law above referred to. In my view of the matter, the plaintiff is not entitled to a judgment here except in accordance with the practice and procedure in the courts of this state. This question as to how judgments of one state may be enforced in other states has been before the Supreme Court, and was first there in the case of McElmoyle v. Cohen, 13 Pet. 312, 324, 10 L. Ed. 177. In the opinion of the court by Mr. Justice Wayne in reference to the rights of a plaintiff in a case like this, suing on a judgment of one state in another, this is said:

"Upon the first of them, we observe, though a judgment obtained in the court of a state is not to be regarded in the courts of her sister states as a foreign judgment, or as merely prima facie evidence of a debt to sustain an action upon the judgment in this, that by the first section of the fourth article of the Constitution, and by Act May 26, 1790, c. 11, § 1, 1 Stat. 122, the judgment is a record, conclusive upon the merits, to which full faith and credit shall be given when authenticated as the act of Congress has prescribed. It must be obvious, when the Constitution declared that full faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state, and provides that Congress may, by general laws, prescribe the manner in which such acts, records, and proceedings shall be proved. and the effect thereof, that the latter clause as it relates to judgments was intended to provide the means of giving to them the conclusiveness of judgments upon the merits when it is sought to carry them into judgments by suits in the tribunals of another state. The authenticity of a judgment and its effect depend upon the law made in pursuance of the Constitution. The faith and credit due to it as the judicial proceeding of a state is given by the Constitution, independently of all legislation. By the law of the 26th of May, 1790, the judgment is made a debt of record, not examinable upon its merits; but it does not carry with it into another state the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another state it must be made a judgment there; and can only be executed in the latter as its laws may permit."

In Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, in the opinion of the court by Mr. Justice Gray, it is said:

"Nor do these provisions put the judgments of other states upon the footing of domestic judgments, to be enforced by execution; but they leave the manner in which they may be enforced to the law of the state in which they are sued on, pleaded, or offered in evidence. McElmoyle v. Cohen, 13 Pet. 312, 325, 10 L. Ed. 177. But, when duly pleaded and proved in a court of that state, they have the effect of being not merely prima facie evidence, but conclusive proof of the rights thereby adjudicated."

The meaning of these authorities I think is that suits brought on judgments in another state are to be reduced to judgment in the state where the suit is brought in accordance with the practice and procedure of the latter state. This is clearly indicated by the expression in the McElmoyne Case, "To give it the force of a judgment in another state, it must be made a judgment there"; and in Huntington v. Attrill, this expression, "But they leave the manner in which they may be enforced to the law of the state in which they are sued," etc.

In my judgment, even if the pleas were stricken and the case stood without proper answer, the plaintiffs would not be entitled to a judg-

ment at the present term of the court. The case will stand for hearing at the December term, and in the meantime the motion to strike the answer as insufficient will be disposed of and an order made therein.